**SUN SYSTEM PREFABRICATED SO-LAR GREENHOUSES, INC., Plaintiff,**

v.

**John VENUTI, d/b/a Pleasure Living Systems, Defendant.**

No. CV 84–1764.

United States District Court,
E.D. New York.

Nov. 8, 1984.

Natiss, Ferenzo & Barrocas, P.C., Roslyn Heights, N.Y., for plaintiff.

Cristini & Hartnett, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for breach of an alleged contract. Defendant has moved to dismiss.

 Defendant has submitted an affidavit stating that defendant visited New York in May 1982 for the purpose of discussing with plaintiff's officers the possibility of defendant becoming a retailer of plaintiff's solar greenhouse units in California. Defendant further states that during this visit "there was no written or oral agreement between the parties", and that no such agreement was ever reached. Plaintiff's attorney has submitted an affidavit stating that "all the essential terms that would govern the continued relationship between the parties were discussed" during defendant's visit to New York. Plaintiff's attorney contends that the discussions in New York constituted the formation of a contract between the parties.

This action was commenced in New York state court, and subsequently removed to this Court. The summons and complaint were delivered to a secretary at 17547 Ventura Boulevard, Encino, California, which is a business address of defendant. Copies of the summons and complaint were also mailed to the Ventura Boulevard address.

Plaintiff bases personal jurisdiction upon N.Y.C.P.L.R. Section 302(a)(1), which provides for jurisdiction over a non-domiciliary who "transacts any business within the state", as to a cause of action arising from such act.

The affidavit of plaintiff's attorney sets forth no basis for personal knowledge on the attorney's part of the content of the discussions in New York. Defendant, by contrast, makes his affidavit on the basis of his personal participation in the discussions. We therefore accept defendant's affidavit as true, for the purposes of this motion. On the basis of defendant's affidavit, we find that defendant did not transact business within the state within the mean-

ing of N.Y.C.P.L.R. Section 302(a)(1). This case should therefore be dismissed for lack of personal jurisdiction.

■ There is an additional reason why this case should be dismissed. Under N.Y. C.P.L.R. Section 308(2), where service is made by delivering the summons to a person of suitable age and discretion at defendant's place of business, the summons must be mailed to defendant at his "last known residence". In the instant case, the summons was mailed to 17547 Ventura Boulevard, which is certainly not defendant's "residence". Plaintiff argues that mailing to a business address was proper here because defendant is being sued in his "business capacity" rather than his "individual capacity". We find plaintiff's argument on this point meaningless. Defendant controls only one set of assets, namely his personal assets, and it is against these assets which plaintiff seeks judgment. There is only one "capacity" in which defendant can be sued, namely his "individual" capacity, and there does not exist any "capacity" distinct from the "individual" capacity known as the "business" capacity. Plaintiff further argues that the mailing of the summons to an address used by defendant and known as such is sufficient, relying upon *Karlin v. Avis*, 326 F.Supp. 1325, 1330 (E.D.N.Y.1971). That case, however, was decided at a time when Section 308(2) required mailing to the "last known address" rather than the "last known residence". The statute has now been amended to return to the original language of "last known residence". Whatever the merits of the *Karlin* case, service in the instant case clearly did not meet the requirements of the current language of the statute. We see no reason why this defect should be excused.

If dismissal of this action were not required, we would transfer this action to California, as it appears that the testimony of non-party witnesses in California may be relevant to this case.

This action is dismissed for lack of personal jurisdiction. The Clerk shall enter judgment accordingly.

SO ORDERED.